UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ELDEN GRENARDO,

__ CIV. ____ (   )

                          Plaintiff,

-against-

**COMPLAINT**

THE TOWN OF CLARKSTOWN, CHIEF OF POLICE
MICHAEL SULLIVAN, POLICE OFFICER RODNEY T.
PICOTT, POLICE OFFICER ANTHONY J. DRESCHER,
POLICE OFFICER DANIEL MALONEY, AND  POLICE
OFFICERS JOHN DOES #1-10 (names and shield
numbers of whom are unknown at present), and other
unidentified members of the Clarkstown Police
Department,

**JURY TRIAL DEMANDED**

**ECF CASE**

                          Defendants.

---------------------------------------------------------------------- X

## PRELIMINARY STATEMENT

1. This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections 1983, 1988 and of rights secured by the First, Second, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and rights secured by the New York State Constitution, the common law of the State of New York, and the laws of the State of New York. On or about February 12, 2014, at approximately 6:30 p.m., plaintiff, Elden Grenardo, while lawfully present inside the Clarkstown Police Department Headquarters located at 20 Maple Avenue, New City, New York 10956, was racially profiled and was subjected to an unlawful stop, question, frisk, search, false arrest and false imprisonment by the individually named defendant police officers.  Thereafter, the individually named defendant police officers denied plaintiff the right to due process, the right to a fair trial, and maliciously prosecuted plaintiff. The

individually named defendants maliciously prosecuted plaintiff and initiated a criminal prosecution against him when he was arraigned in the Town of Clarkstown Justice Court on February 13, 2014, approximately 24 hours after he was initially seized by the defendants, without probable cause to accuse him of committing any crime and based upon false, incomplete, and misleading information sworn to by defendants in the sworn criminal felony Complaint and communicated to the Rockland County District Attorney's Office by defendants. Plaintiff was remanded to Rockland County Jail because he was unable to immediately post the $10,000 bail set by the Court at arraignment. Plaintiff was unlawfully detained at the Rockland County Jail until February 14, 2014 at approximately 5:00 p.m. Thereafter plaintiff was required to appear in Court to on approximately 4 v occasions until all criminal charges brought against him were dismissed and sealed by the Court on August 4, 2014. Plaintiff was deprived of his Constitutional and Common Law Rights when the individual defendants unlawfully seized and confined plaintiff, caused the unjustifiable arrest of plaintiff, unlawfully seized plaintiff's property, denied plaintiff the right to due process and maliciously prosecuted plaintiff and deprived plaintiff of his Constitutional and common law rights in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

2. Additionally, the individually named defendant police officers unlawfully searched and seized the rental car plaintiff possessed at the time of the arrest and plaintiff was charged an additional fee for renting the vehicle of $1600.75 because the rental company had to tow the vehicle back to the return location after the defendants released the vehicle to the rental company over three weeks after it was supposed to be returned by plaintiff. Plaintiff's personal property, including but not limited to clothing, that was located inside of the vehicle at the time it was seized by defendants was never returned to plaintiff, nor has plaintiff been compensated by

defendants for the loss of said property. Plaintiff was deprived of his Constitutional and Common Law Rights when the individual defendants unlawfully seized and the vehicle and plaintiff's property, without probable cause or any legal justification and deprived plaintiff of his Constitutional and common law rights in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3. Defendant Town of Clarkston and defendant Chief of Police Michael Sullivan had an unconstitutional policy and practice and/or were deliberately indifferent to that department wide practice of, at all times relevant herein of targeting African American's who are traveling through the jurisdiction of the police department by unlawfully stopping, questioning, searching, arresting, and prosecuting them without any objective factual basis other than that they are African American and not because probable cause was established. Plaintiff Elden Grenardo was falsely arrested and maliciously prosecuted without probable cause or any factual basis to allege he committed the crimes he was charged with committing, and it appears that he was arrested as the direct and proximate cause of the racial profiling policies practices by the Clarkstown Police Department and Chief of Police Michael Sullivan. Notably, defendant Chief of Police Michael Sullivan was suspended from his job in the summer of 2016 and is currently being investigated and faces termination for many allegations of misconduct alleged against him, including allegations of engaging in racial profiling and permitting it as a practice b throughout the Department. The Clarkstown Police Department's abusive and unlawful practices of stopping, questioning, searching, falsely arresting, maliciously prosecuting and denying the right to due process based upon their African American appearance and without adequate cause, deprived plaintiff of his constitutional and common law rights in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

4.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342(3) and (4) and the aforementioned statutory and constitutional provisions.

5.   The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

6.   Venue properly lies in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(a), (b) and (c) and § 1402(b) because one or more of the defendants are subject to personal jurisdiction in the Southern District of New York, and have contacts sufficient to subject them to personal jurisdiction in the Southern District of New York and the claims arose in this district.

## PARTIES

7.   Plaintiff Elden T. Grenardo is and was at all relevant times herein legally present in the United States and a resident of the State of New York.

8.   Defendant Chief of Police Michael Sullivan is and was the Chief of Police for Clarkstown, and at all relevant times herein was acting under the color of law and was the policy-maker for the Clarkstown Police Department and liability for his illegal conduct flows to the Town of Clarkstown.   The unlawful racial profiling policies and practices of the Clarkstown Police Department were intentionally and maliciously implemented by defendant Michael

Sullivan and/or they continued to persist because of his deliberate indifference to the racial profiling practices throughout the Clarkstown Police Department.  Accordingly, Defendant Chief of Police Michael Sullivan is being sued in his official and individual capacities.

9.      Defendant Police Officer RODNEY T. PICOTT, is and was at all times relevant herein an officer, employee, and agent of the Town of Clarkstown and the Clarkstown Police Department.

10.     Defendant Police Officer RODNEY T. PICOTT is being sued herein in his individual and official capacity.

11.     Defendant Police Officer ANTHONY J. DRESCHER, is and was at all times relevant herein an officer, employee, and agent of the Town of Clarkstown and the Clarkstown Police Department.

12.     Defendant Police Officer ANTHONY J. DRESCHER is being sued herein in his individual and official capacity.

13.     Defendant Police Officer DANIEL MALONEY, is and was at all times relevant herein an officer, employee, and agent of the Town of Clarkstown and the Clarkstown Police Department.

14.     Defendant Police Officer DANIEL MALONEY is being sued herein in his individual and official capacity.

15.     Defendant Police Officers JOHN DOES #1-10, are and were at all times relevant herein officers, employees, and agents of the Town of Clarkstown and the Clarkstown Police Department.

16.     Defendant Police Officers JOHN DOES #1-10 are being sued herein in their  individual and official capacities.

17. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the Town of Clarkstown and the Clarkstown Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the Town of Clarkstown and the Clarkstown Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the Town of Clarkstown and the Clarkstown Police Department, and incidental to the lawful pursuit of their duties as officers, employees and agents of the Town of Clarkstown and the Clarkstown Police Department.

18. At all times relevant hereto, defendant Town of Clarkstown, operated, maintained managed, supervised and controlled the Clarkstown Police Department as part of and in conjunction with its municipal function.

19. Defendant Town of Clarkstown is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant Town of Clarkstown assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the Clarkstown Police Department.

## STATEMENT OF FACTS

20. By way of background, on February 12, 2014 plaintiff Elden Grenardo rented a car to drive from his home in New York City with his cousin to visit his younger brother who lived in upstate New York.

- 6 -

21. Coincidentally, plaintiff's brother's friends were also driving from New York City to visit plaintiff's brother upstate on February 12, 2014, but his brother's friends began their roadtrip earlier in the morning than plaintiff and were significantly ahead of plaintiff and his cousin on the road.

22. When plaintiff's brother's friends reached the Town of Clarkstown, they called plaintiff and told him they would wait at the shopping mall where there was a Target store for plaintiff to arrive so that they could all eat lunch together.

23. Plaintiff lawfully drove to the parking lot outside of the Target store located at 4120 Palisades Center Drive, West Nyack, New York 10994, and upon entering the parking lot he immediately saw his brother's friends.

24. Plaintiff's brother's friends told plaintiff that they were waiting for Shoyn Johnson who was still in the store and that as soon as he came out they would go to get something to eat.

25. Shortly thereafter plaintiff received a telephone call from Shoyn Johnson's mother who was very upset, told plaintiff that her son was arrested by Clarkstown Police Officers, and asked plaintiff whether he could go to the Clarkstown Police Station to inquire about what happened and why Shoyn was being detained.

26. At no time did plaintiff enter the Target store on February 12, 2014, nor had plaintiff seen Shoyn Johnson at any time that day.

27.  At no time relevant herein, had plaintiff committed a crime or violated the law in any way, nor did he behave in a manner that might cause a police officer to reasonably believe he committed poor was  about to commit a crime.

28. Plaintiff was happy to help Shoyn's mother and try to find out why her son was arrested because plaintiff had nothing to fear by going to the police station and speaking with them.

29. Thereafter, on February 12, 2014 at approximately 6:30 pm, plaintiff and his cousin drove to the Clarkstown Police Headquarters located at 20 Maple Avenue, New City, New York 10956, lawfully walked into the front lobby and politely explained to defendants that they were there to inquire about Shoyn Johnson, a friend of theirs that was arrested.

30. Upon looking at plaintiff and observing that he appeared to be African American and learning that he knew Shoyn Johnson, defendants immediately proceeded to unlawfully handcuff and falsely arrest claimant and his cousin, without probable cause or legal justification for seizing or detaining them.

31. Upon information and belief the officers racially profiled plaintiff and assumed that plaintiff also must have committed a crime with Shoyn Johnson and that it did not matter whether he had objective evidence to accuse plaintiff of committing a crime because the defendants' "experience" in policing informed them that plaintiff committed a crime.

32. However, defendants' intuitions were not correct and they could not uncover any evidence that supported their conclusion that plaintiff committed a crime with Shoyn Johnson.

33. The officers had arrested Shoyn Johnson for\using counterfeit money at the Target store.  According to the complainant from Target, Shoyn was accompanied in the store with another individual who got away.

34. Without objective factual evidence to justify why they unlawfully and falsely arrested plaintiff, the officers risked being disciplined for arresting plaintiff without probable

cause.   Therefore, to avoid discipline the officers fabricated all of their allegations against plaintiff that they swore to under the penalty of perjury in the criminal court complaint they ultimately signed to initiate a criminal prosecution against plaintiff.

35. The defendant officers' changes practically every detail of their interaction with plaintiff, including the location of where they met him and arrested him.

36. The officers maliciously and falsely alleged in the arrest report and in the Criminal Court complaint that they arrested him at the Target store located at 4120 Palisades Center Drive, along with Shoyn Johnson.

37. Additionally, the officers falsely allege that plaintiff was caught acting in concert with Shoyn Johnson at the Target store and possessed 17, $20 dollar bills that were determined to be forged.

38. The true version of events was that the officers only arrested Shoyn Johnson at the store because Shoyn was alone when the officers encountered him.   Furthermore, Shoyn was in possession of all of the alleged forged $20 bills that were recovered and none of the alleged forged money could be attributed to anyone other than Shoyn Johnson.

39. Before the defendant officers were able to come up with their fabricated version of events about their basis for arresting plaintiff and charging him with committing felony offenses, they embarrassed plaintiff, damaged his reputation and caused him severe emotional and psychological trauma by reporting plaintiff's arrest to the media for the purpose of getting good press for themselves and the Police Department  and  described the incident  in a false but sensational a manner that made them look good in the public eye.

40. The defendants unlawfully searched plaintiff after he was placed under arrest, he was fingerprinted, photographed, and detained in a holding cell located inside the police station.

41. On February 13, 2014, at approximately 6:30 pm, the individually named defendants transported plaintiff to the Justice Court in the Town of Clarkston where a criminal prosecution was initiated against claimant when he was arraigned and charged with committing crimes he did not commit and for which there was no evidence to accuse him of committing.

42. The criminal prosecution was initiated and continued against plaintiff without probable cause and based upon the fabricated, false, incomplete, and misleading allegations and description of events provided by and sworn to by defendants.

43. Based upon the false allegations made by the defendant officers against plaintiff, the court set bail at $10,000.   Plaintiff was remanded to Rockland County Jail because he was unable to immediately post the $10,000 bail set by the Court.

44.  Plaintiff was unlawfully detained at the Rockland County Jail until February 14, 2014 at approximately 5:00 p.m. when he was finally able to post bail.

45. Plaintiff was required to appear in the Town Justice Court on approximately 4 occasions after arraignment, until all criminal charges brought against him were dismissed and sealed by the Court on August 4, 2014.

46. Plaintiff was deprived of his Constitutional and Common Law Rights when the individual defendants unlawfully seized and confined plaintiff, caused the unjustifiable arrest of plaintiff, unlawfully seized plaintiff's property, denied plaintiff the right to due process and maliciously prosecuted plaintiff and deprived plaintiff of his Constitutional and common law

rights in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

47. Additionally, the individually named defendant police officers unlawfully searched and seized the rental car plaintiff possessed at the time of the arrest and drove to the precinct.  As a result of the unlawful seizure of the vehicle, the rental company charged plaintiff additional fees of $1600.75 because the rental company had to tow the vehicle back to the rental companies vehicle  return location, and because the defendants released the vehicle back to the rental company over three weeks after it was supposed to be returned by plaintiff, for no apparent reason other than to cause plaintiff to incur additional expenses associated with his already unpleasant dealings with the Clarkstown Police Department.

48. .  Plaintiff's personal property, including but not limited to clothing, was located inside of the vehicle at the time it was seized by defendants, and none of plaintiff's property left in the vehicle was returned to plaintiff, nor has plaintiff been compensated by defendants for the loss of said property.

49. Plaintiff was deprived of his Constitutional and Common Law Rights when the individual defendants unlawfully seized and the vehicle and plaintiff's property, without probable cause or any legal justification and deprived plaintiff of his Constitutional and common law rights in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

50. At no point in time did plaintiff commit a crime, nor did the defendant police officers have an objectively reasonable basis that was supported by facts to believe he committed a crime.

51. At no time did plaintiff commit a crime, nor did the defendant police officers have probable cause or reason to believe he committed a crime.

52. At no time did the defendant police officer recover any unlawful weapons, drugs, or illegal contraband of any kind from plaintiff.

53. Defendants did not have an objective factual basis to believe plaintiff committed a crime or violated the law in any way.

54. At no time did the defendant police officer recover any drugs, contraband or other illegal paraphernalia from plaintiff, and the entire unlawful seizure of plaintiff caused plaintiff emotional distress and embarrassment.

55. The individually named defendant police officers initiated a prosecution against plaintiff, without probable cause by (a) telling the District Attorney's Office false, incomplete, and misleading information regarding the basis for their arrest of plaintiff and (b) by signing a sworn Felony Complaint which contained false, misleading, and incomplete allegations against plaintiff.

56. Thereafter, the individually named defendant police officers continued the unlawful prosecution against claimant without probable cause by providing the District Attorney's Office with additional false information about plaintiff's conduct in order to justify the officers' basis for the stop, question, frisk, search, arrest and prosecution of plaintiff...

57. Plaintiff was forced to return to Criminal Court on several occasions to address the false allegations and false criminal charges filed against him by defendants until all criminal charges brought against plaintiff were dismissed and sealed in their entirety on August 4, 2014.

58. As a result, all charges against plaintiff were dismissed and terminated in plaintiff's favor on or about August 4, 2014.

59. The other individually named defendant police officers who were present at the scene of the incident, but failed to intervene to prevent the violation of plaintiff's rights including but not limited to the unlawful stop, question, frisk, search, false arrest, detention, and subsequent malicious prosecution of plaintiff, even though they knew or should have known that plaintiff's constitutional rights and rights pursuant to New York State Law were being violated are liable to plaintiff for their failure to intervene.

60. There is a policy, practice or custom within the Clarkstown Police Department wherein Clarkstown Police Officers illegally stop, question, frisk, search, and arrest individuals without a specific, articulable factual basis supporting a reasonable suspicion or probable cause to believe the individual secreted contraband, evidence, or has a weapon on their person, or that they had committed a crime or violated any law or ordinance and instead rely upon racial profiling

61. As a result of Town of Clarkstown and Clarkstown Police Department's policy of unconstitutionally stopping, questioning, frisking, searching, and arresting individuals based upon the individual's race and through racial profiling, without probable cause or reasonably articulable suspicion, and/or Defendant Chief of Police Michael Sullivan's deliberate indifference about the practice of racial profiling amongst the Clarkstown Police Department's officers and employees.

62. The unlawful stop, question, frisk, search, false arrest, false imprisonment, strip-search, and subsequent malicious prosecution of plaintiff by the individually named

defendant police officers caused plaintiff to sustain physical, psychological and emotional trauma.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment Rights

63. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 62 with the same force and effect as if more fully set forth at length herein.

64. The individually named police officer defendants while acting in concert and within the scope of their authority, caused plaintiff to be unlawfully stopped, questioned, frisked, seized, unlawfully searched, unlawfully seized his vehicle and the property in the vehicle when it was seized, without due process, falsely arrested, falsely imprisoned, and maliciously prosecuted without reasonable suspicion and/or probable cause, in violation of plaintiff's right to be free of an unreasonable search and seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States. The individually named defendants while acting in concert and within the scope of their authority, caused plaintiff to be deprived of the right to due process when the defendants fabricated the allegations made against plaintiff that formed the basis and initiated the criminal prosecution against him in violation of plaintiff's right to due process under the Fifth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

65. As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York and the United States Constitution.

66. As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## SECOND CAUSE OF ACTION

## False Arrest and False Imprisonment

67. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 66 with the same force and effect as if more fully set forth at length herein.

68. The acts and conduct of the defendants constitute unlawful seizure, unlawful stop, question and frisk, false arrest and false imprisonment under the laws of the State of New York and the Constitution of the United States.  Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.  In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

69. As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York and the United States Constitution.

70. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the Town of Clarkstown and the Clarkstown Police Department, which are therefore responsible for their conduct.

71. The Town of Clarkstown, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

72. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## THIRD CAUSE OF ACTION

## Unlawful Search of Plaintiff's Person

73. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 72 with the same force and effect as if more fully set forth at length herein.

74. The illegal approach, pursuit, stop and search employed by defendants herein terminated plaintiff's freedom of movement through means intentionally applied.

75. Defendants lacked probable cause to search plaintiff.

76. As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York and the United States Constitution.

77. As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

78. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the Town of Clarkstown and the Clarkstown Police Department, which are therefore responsible for their conduct.

79. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

80. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FOURTH CAUSE OF ACTION

### Malicious Prosecution

81. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 80 with the same force and effect as if more fully set forth at length herein.

82. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and the United States Constitution.

83. Defendants commenced and continued a criminal proceeding against plaintiff.

84. There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

85. The prosecution and criminal proceedings terminated in plaintiff's favor on the aforementioned date.

86. Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate plaintiff's Fourth Amendment rights.

87. As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York and the United States Constitution.

88. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the Town of Clarkstown and the Clarkstown Police Department, which are therefore responsible for their conduct.

89. The Town of Clarkstown, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

90. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FIFTH CAUSE OF ACTION

### Failure to Intervene

91. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 90 with the same force and effect as if more fully set forth at length herein.

92. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

93. Defendants failed to intervene to prevent the unlawful conduct described herein.

94. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, he was maliciously prosecuted, and he was humiliated and subject to other physical constraints.

95. As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York and the United States Constitution.

96. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the Town of Clarkstown and the Clarkstown Police Department, which are therefore responsible for their conduct.

97. The Town of Clarkstown, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

98. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim..

## SIXTH CAUSE OF ACTION

## Municipal Liability under 42 U.S.C. § 1983 for Policy of unconstitutionally stopping, questioning and frisking, searching, arresting and prosecuting African  American's based upon racial profiling individuals  in violation of the Fourth and Fourteenth Amendments

99. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 98 with the same force and effect as if more fully set forth at length herein.

100.    The racial profiling policies and practices of the Clarkstown Police Department involves unlawfully stopping, questioning, frisking, searching, arresting and prosecuting individuals based upon the persons' race and without individualized suspicion and involves seizures that implicate the Fourth Amendment to the United States Constitution.

101.    By adopting and implementing trespass enforcement practices in this manner, the Police Chief and Town of Clarkstown have enforced, promoted, encouraged, and sanctioned a policy, practice and/or custom of racial profiling in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

102.   By adopting and implementing these enforcement practices based upon racial profiling, in this manner, the Town of Clarkstown has enforced, promoted, encouraged, and sanctioned a policy, practice and/or custom of stopping, seizing, questioning, and searching individuals, including plaintiff, without reasonably articulable suspicion of criminality required by the Fourth Amendment to the United States Constitution.

103.   By adopting and implementing these enforcement practices based upon racial profiling, the Town of Clarkstown has enforced, promoted, encouraged, and sanctioned a policy, practice and/or custom of arresting individuals, including plaintiff, without reasonably articulable suspicion of criminality required by the Fourth Amendment to the United States Constitution.

104.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant Town of Clarkstown, which is forbidden by the Fourth and Fourteenth Amendments to the Constitution of the United States.

105.   The aforementioned customs, policies, usages, practices, procedures and rules  devised, implemented, enforced, promoted, encouraged, and sanctioned by the Police Chief Sullivan and the Town of Clarkstown, including but not limited to : (a) the failure to adequately and properly screen, train, and supervise Clarkstown Police Officers; (b) the failure to properly and adequately monitor and discipline Clarkstown Police Officers; and (c) the overt and tactical encouragement and sanctioning of, and the failure to rectify, the Clarkstown Police Departments suspicionless stops, seizures, questions, frisks, searches, arrests, and prosecutions based solely upon the individuals' race.

106.  Police Chief Michael Sullivan and the Town of Clarkstown have acted with deliberate indifference to the Fourth and Fourteenth Amendment rights of plaintiff and other individuals.   As a direct and proximate result of the acts and omissions of the Town of Clarkstown plaintiff has been deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

107.  The foregoing customs, policies, usages, practices, procedures and rules of Defendant Town of Clarkstown and the Clarkstown Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

## **JURY DEMAND**

108.    Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## **<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, plaintiff Elden Grenardo demands judgment against the defendants on each cause of action in amounts to be determined upon the trial of this action which exceeds the jurisdiction of lower courts, inclusive of punitive damages and attorneys' fees inclusive of costs and disbursements of this action, interest and such other relief as is appropriate under the law. That the plaintiff recover the cost of the suit herein, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

      1.     .

Dated:      New York, New York
             February 12, 2016

                                    By:              /s/

                                    DAVID HAZAN, ESQ.
                                    JACOBS & HAZAN, LLP
                                    Attorneys for Plaintiff
                                    30 Vesey Street, 4th Floor
                                    New York, NY 10007
                                    (212) 577-2690